IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROLYN SMITH,

      Plaintiff,                                  05cv0071

v.                                        **Electronically Filed**

TOWNSHIP OF ALEPPO,
OLIVER L. POPPENBERG,
RICHARD STARR,
GLORIA L. VISH,
LINDA D. TALMON, and
BERNARD S. RUBB,

      Defendants.

## ORDER ON CERTAIN DEFENDANTS' EMERGENCY MOTION

Before the Court is an Emergency Motion for Approval of Invocation of the "Rule of Necessity" by the Board of Commissioners of the Township of Aleppo (Document No. 139), filed on behalf of the Township of Aleppo, and two of its Commissioners, Gloria L. Vish and Richard Starr. Responses were ordered by September 2, 2005 at noon, but none were filed. Although this motion is unopposed, it will nevertheless be denied.

The petition alleges that Commissioner Carolyn Smith, plaintiff, has recused or abstained from voting on any decisions regarding this litigation, and her non-participation has created a 2-2 deadlock of the five member Board of Commissioners, preventing any meaningful settlement discussions. Petitioners request the Court to issue an order "permitting" plaintiff to participate in decisions of the Township Commission pertaining to this litigation pursuant to the "Rule of Necessity" to break the current 2-2 deadlock.

In Pennsylvania, the Rule of Necessity is a common law principle that requires members of a tribunal to consider a case, even if all of them are subject to recusal or have some bias,

because otherwise, the public and the litigants would be denied a decision in the matter. *Siteman v. City of Allentown*, 695 A.2d 888 (Pa. Cmwlth. 1997), *appeal denied*, 550 Pa. 674, 703 A.2d 469 (1997); *Sherman v. Kaiser*, 664 A.2d 221, 227-28 (Pa. Cmwlth. 1995). It is not at all clear that the Rule of Necessity applies to legislative or administrative decisionmaking. *Siteman* and *Sherman* and the other cases upon which petitioners rely, involve application of the Rule of Necessity to administrative or legislative officials making quasi-judicial decisions in their adjudicative capacities. To the extent the Rule might be invoked by a body such as the Board of Commissioners of the Township of Aleppo acting in its legislative or administrative capacities, it would not be appropriate for this Court to issue an advisory opinion in advance addressed to the validity of such a vote, were it to occur.

It is "axiomatic that the federal courts may not decide an issue unless it presents a live case or controversy . . . [which] limitation 'derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993), *quoting DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (additional citations omitted). There must be actual injury which a court may redress to supply the requisite live case or controversy to "assure that the legal questions presented . . . will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to realistic appreciation of the consequences of judicial action." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 39 (1976). A federal court must ensure that the justiciability requirements of Article III, including ripeness, are satisfied regardless of the type of relief sought. *See Nextel Communications of Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir. 2002); *Armstrong World Indus., Inc. v. Adams*,

961 F.2d 405, 410 (3d Cir. 1992).

Resolution of the Rule of Necessity would involve consideration of Pennsylvania's municipal code, judicial precedent about what constitutes a quorum for purposes of legislative or administrative decisions, and the Board's own rules and regulations, if any, regarding what constitutes a quorum, and context needs to be supplied by what actually transpires at a vote of the Board of Commissioners wherein the Rule of Necessity is invoked.  There simply are too many variables that might or might not occur, and the Court declines to address this premature issue at this time.

Although the Court denies the relief requested, it is appropriate to comment on what the Court perceives to be movants' underlying concern, namely, whether invocation of the Rule of Necessity by some or all of the Commissioners would violate this Court's Order of May 16, 2005 (Document No. 75) granting the permanent injunction.  Based upon what movants have presented, it does not appear that use of the Rule of Necessity would, of itself, violate this Court's order.

The Court has been advised that the parties are now engaged in serious and ongoing settlement negotiations and/or mediation.  Inasmuch as the efforts to settle or mediate a final resolution of all disputes appear to be more serious than they have been for quite some time, and has the potential to end a contentious litigation impacting the public fisc and interests of the citizens of the Township of Aleppo in governance of its business by the Board of Commissioners, this Court will stay all pending proceedings, and will suspend all pretrial deadlines relating to the contempt proceedings.  Accordingly,

**AND NOW, this 6th day of September, 2005, IT IS HEREBY ORDERED** that the Emergency Motion for Approval of Invocation of the "Rule of Necessity" by the Board of Commissioners of the Township of Aleppo (Document No. 139) is **DENIED**.

**IT IS FURTHER ORDERED** that all proceedings relating to the pending motion for contempt are **STAYED** until further order of Court, and all pretrial deadlines are **SUSPENDED**.

A status conference is scheduled for **September 21, 2005, at 4:00 p.m.** in Courtroom No. 7C, United States Courthouse, Pittsburgh, Pennsylvania 15219.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record

E.J. Strassburger, Esquire
Strassburger McKenna Gutnick & Potter
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222

Paul H. Titus, Esquire
Schnader, Harrison, Segal & Lewis
120 Fifth Avenue
Suite 2700, Fifth Avenue Place
Pittsburgh, PA 15222-3001

Bernard S. Rubb, Esquire
Rudy Fabian, Esquire
434 Oliver Road
Sewickley, PA 15143

Gianni Floro, Esquire
Aleppo Township Solicitor
510 Third Avenue
Pittsburgh, PA 15219